## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LEDESMA, | Case No. 1:12-cv-01037-DLB PC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| DOCTOR SWAYE, | ECF No. 1 |
| Defendant. | RESPONSE DUE WITHIN THIRTY DAYS |

### I. Background

Plaintiff Albert Ledesma ("Plaintiff") is a former prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On June 26, 2012, Plaintiff filed his Complaint, which is presently before the Court for screening. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." *Id.* § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.   Summary of Complaint

Plaintiff was incarcerated at Kern County Lerdo Detention Facility in Bakersfield, California, at the time these events occurred.  Plaintiff names as Defendant medical doctor Swaye.

Plaintiff alleges the following.  On January 28, 2012, Plaintiff fell from his defective crutches, falling on his hand.  Plaintiff did not doubt that his hand was broken.  Plaintiff's hand was swollen and in extreme pain.  Plaintiff made several requests to receive treatment.  Plaintiff's crutches were taken.  Plaintiff was finally sent out on February 1, 2012 to Kern Medical Center for his hand to be looked at and casted.

Medical staff at Lerdo refused to give Plaintiff the right pain medication.  ON February 6, 2012, Plaintiff's pain medication for his knee expired.  On February 31[1] Plaintiff went for sick call to be seen by Defendant Swaye.  Defendants Swaye said that he would put Plaintiff up for x-rays tomorrow.  Plaintiff requested medication for his hand, but was denied.

Plaintiff fails to describe what relief he requests.

## III.   Analysis

Plaintiff fails to state a claim.  First, Plaintiff has not stated what relief he requests as required by Rule 8(a) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(3) ("a demand for the relief sought, which may include relief in the alternative or different types of relief").

Second, Plaintiff fails to state a claim with respect to the merits of his action.  The Court presumes that Plaintiff brings a claim for violation of the Eighth Amendment.  The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment

---

[1] This appears to be error, as February had only 29 days in 2012.

2

violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to allege facts which indicate that Defendant Swaye knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

**IV.     Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against Defendant Swaye. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

1 | *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*,
2 | *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*,
3 | 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or
4 | superseded pleading," L. R. 220.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **April 2, 2013**                         /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE